IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETER MICHAEL KARENBAUER,   )
                            )
            Petitioner,     )
                            )
    v.                      )   2:05cv1586
                            )   Electronic Filing
                            )   Judge David S. Cercone
EDWARD KLEM, et al.,        )   Magistrate Judge Bissoon
                            )
            Defendants.     )

# MEMORANDUM ORDER

AND NOW, this 25th day of February, 2009, after de novo review of the record and upon due consideration of [36] the magistrate judge's report and recommendation filed on October 1, 2008, and [39] petitioner's objections thereto, IT IS ORDERED that petitioner's objections are overruled, the Petition for Writ of Habeas Corpus is dismissed and the concomitant request for a certificate of appealability is denied. The report and recommendation as augmented below is adopted as the opinion of the court.

Petitioner's objections are without merit. As noted in the Report and Recommendation, a two-part test is utilized to assess an ineffective counsel claim. See Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that counsel's performance was deficient. This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Flamer v. State of Delaware, 68 F.3d 710, 728 (3d Cir. 1995) (quoting Strickland, 466 U.S. at 687)). This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms which existed at the time. Id. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. (citing Strickland, 466 U.S. at 689); see also Government of Virgin

Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense. Id. It also must be made without the "distorting effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial. Flamer, 68 F.3d at 728. This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different. In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]." Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment. As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective. See Weatherwax, 77 F.3d at 1432.

Petitioner's attempt to ignore all of the evidence bearing on his involvement in Lacey's murder when presenting an analysis of trial counsel's decisions on how to proceed is unavailing. Procedurally, the fact that trial counsel chose to delay his opening until the Commonwealth completed its case-in-chief shows only that trial counsel was functioning effectively by waiting to determine the best strategy available after the significant body of damning evidence had been presented in open court and the potential avenues contemplated by counsel's work with the additional psychiatrist had been fully explored. The fact that counsel needed to wait until Dr. Marrow completed the battery of forensic psychiatric tests and further consult with Dr. Bernstein before making a final decision about the defense to be presented does not undisputedly show that defense counsel proceeded to trial with no strategic plan or defense. That conclusion is a non-sequitur. To the contrary, the approach actually employed by counsel shows a cautious and

careful approach that weighed all available options before proceeding.

Moreover, the notion that trial counsel simply failed to appreciate the implications from Dr. Cox's report is undermined sufficiently by the record. Trial counsel obtained the services of Dr. Cox to determine what inroads could be gained by a second analysis of the autopsy report and the Commonwealth's related evidence indicating the time and manner of Lacey's death. He thus was exploring ways to overcome the significant body of evidence amassed by the Commonwealth. To suggest that counsel then just failed to read or appreciate Dr. Cox's report is at best speculative argument founded on the distorting effects of hindsight. And given current counsel's inability to point to any actual evidence to be found from further investigation that would have implicated Nita Johnson only and exonerated petitioner merely corroborates the logical determination that counsel was aware of the option of challenging the Commonwealth's evidence concerning the time and manner of Lacey's death and petitioner's repeated confessions and chose to explore a more attractive defense that became available due to counsel's ongoing efforts. In other words, trial counsel was acting well within the realm of counsel guaranteed by the Sixth Amendment.

Petitioner's contention that he was tried while incompetent suffers from similar shortcomings. The record demonstrates that all available evidence at the time indicated that he was not so mentally ill that he could not understand the charges against him and assist in the defense. Pursuant to trial counsel's efforts a pretrial evaluation of petitioner's competency had been conducted. That evaluation failed to produce fruitful results. Thus, once again trial counsel demonstrated his effectiveness by exploring this defense.

Furthermore, during the course of trial the trial judge made appropriate inquiries and observed petitioner. Petitioner testified during the penalty phase. All available indicia of petitioner's competency prior to and during trial indicated that he met the applicable standard. To suggest on this record that counsel was ineffective by not asking for a competency hearing or that the trial court erred by not ordering one sua sponte is unavailing.

Petitioner's remaining objections merely incorporate the arguments set forth in the writ and are more than persuasively dealt with in the report and recommendation. Accordingly, the

above order is appropriate.

                                                                        s/ Davud Stewart Cercone
                                                                         David Stewart Cercone
                                                                         United States District Judge

cc:      Honorable Cathy Bissoon
          U.S. Magistrate Judge

          Lisa Freeland, FPD
          Tricia Russell, AFPD

          Jennifer A. Buck, APAG